**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Lazaro Ortiz,                                       Civ. No. 08-4783 (ADM/JJK)

        Plaintiff,

v.

The University Club of St. Paul, a non-profit corporation; Commonwealth Properties, Inc.; Michael Manders, individually and in their capacities as managing agents and employees of Defendants; and Ban Nguyen, individually and in their capacities as managing agents and employees of Defendants;                                  **REPORT AND RECOMMENDATION FOR ENTRY OF JUDGMENT**

        Defendants.

Christopher R. Walsh, Esq., Walsh Law Firm, counsel for Plaintiff.

John G. Westrick, Esq., Westrick & McDowall-Nix, PLLP; Kirk M. Anderson, Adkins & Anderson, Chartered, and Laura E. Peterson, Esq., counsel for Defendants The University Club of St. Paul and Commonwealth Properties, Inc.

Charles J. Welter, Esq., and John G. Westrick Esq., Westrick & McDowall-Nix, PLLP; and Laura E. Peterson, Esq., counsel for Defendants Manders and Nguyen.

      This matter is before this Court for a report and recommendation to the District Court on whether Judgment should be entered in this case. *See* 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons stated below, this Court recommends that Judgment be entered and this action be dismissed.

On July 28, 2009, Defendants The University Club of St. Paul and Commonwealth Properties, Inc., removed this case from state court (Second Judicial District, Ramsey County) to this Court. On November 17, 2009, this Court held a settlement conference with the parties whereby no settlement was reached. On December 2, 2009, the District Court filed a Jury Trial Notice, setting the case for trial starting on January 25, 2010. On January 26 and 27, 2010, this Court held telephone conferences with the parties regarding the status of the case and settlement issues. During those conferences, the parties informed the Court that the matter had been settled and that a stipulation of dismissal would be filed shortly thereafter, once payment had been made.

On March 3, 2010, because the parties had not yet filed a stipulation of dismissal, this Court issued an Order to show cause why the case should not be dismissed. On March 18, 2010, through email communication with this Court's chambers, counsel for Plaintiff confirmed that a settlement agreement had been signed by the University Club (and the other Defendants) and Plaintiff, but that Plaintiff still had not received the settlement payment. On March 26, 2010, this Court held a telephone conference with the parties regarding the status of the settlement, and thereafter ordered the parties to appear on April 14, 2010, to show cause why this Court should not enter Judgment against the Defendants, enforcing the settlement agreement and awarding the Plaintiff's attorney's fees, interest, court costs, and any other relief this Court deems just and necessary.

On April 14, 2010, counsel for both Plaintiff and Defendants appeared before this Court. Both parties again represented that there is a signed settlement agreement between the parties that is enforceable, and the parties submitted a copy of the agreement for this Court's review. Defendants' counsel represented that partial payment under the settlement agreement had been made, but that because of economic circumstances Defendant The University Club of St. Paul had not made the settlement payment in full. Plaintiff's counsel requested that Judgment be entered at this time and that he be awarded his attorney fees.

Because the parties concede that there is a signed and enforceable settlement agreement between the parties, because Defendant The University Club of St. Paul failed to pay as required under that agreement, because the parties have failed to file a stipulation of dismissal with the Court due to the University Club of St. Paul's non-payment, and because this Court recommends that the District Court award $3,421.00 in attorney, paralegal, and law-clerk fees to Plaintiff's attorney to be paid by Defendant The University Club of St. Paul, for the reasonable time expended in Plaintiff's efforts in pursuing entry of Judgment after the settlement agreement had been signed, this Court recommends that the District Court enter Judgment in the amount of $28,421.00 against Defendant The University Club of St. Paul and in favor of Plaintiff.

# RECOMMENDATION

For the reasons stated, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's request for entry of Judgment be **GRANTED**;

2. Judgment in the amount of $28,421.00 be entered against Defendant The University Club of St. Paul in favor of Plaintiffs;

3. This case be **DISMISSED**; and

4. Upon adoption of this Recommendation, the District Court will issue an Order for Entry of Judgment.

Date: April 26, 2010

       *s/Jeffrey J. Keyes*
       JEFFREY J. KEYES
       United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 10, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.