UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lazaro Ortiz,

      Plaintiff,

v.

The University Club of St. Paul,
a non-profit corporation; Commonwealth
Properties, Inc.; Michael Manders,
individually and in their capacities as
managing agents and employees of Defendants;
and Ban Nguyen, individually and in their
capacities as managing agents and employees
of Defendants;

      Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 08-4783 ADM/JJK

---

Christopher R. Walsh, Esq., Walsh Law Firm, Minneapolis, MN, on behalf of Plaintiff.

John G. Westrick, Esq., Westrick & McDowall-Nix, PLLP, St. Paul, MN; Kirk M. Anderson, Esq., Adkins & Anderson, Chartered, Minneapolis, MN; and Laura E. Peterson, Esq., St. Paul, MN, on behalf of Defendants The University Club of St. Paul and Commonwealth Properties, Inc.

Charles J. Welter, Esq., and John G. Westrick, Esq., Westrick & McDowall-Nix, PLLP, St. Paul, MN; and Laura E. Peterson, Esq., St. Paul, MN, on behalf of Defendants Michael Manders and Ban Nguyen.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendants The University Club of St. Paul, Commonwealth Properties, Michael Manders and Ban Nguyen's (collectively "Defendants") Objections [Docket No. 50] to Magistrate Judge Jeffrey J. Keyes's April 26, 2010 Report & Recommendation ("R&R") [Docket No. 48] recommending that Judgment be entered and the action dismissed. R&R at 1. For the reasons

stated below, Defendants' Objections are overruled and the R&R is adopted.

## II.  BACKGROUND

The facts and procedural history of this dispute are set forth in Judge Keyes's R&R and are incorporated by reference.  Accordingly, only a brief version of the relevant facts and procedural history is presented here.

Plaintiff filed this employment discrimination action in state court on June 27, 2008, alleging violations of various Minnesota and federal employment laws.  Notice of Removal [Docket No. 1], Ex. B (Complaint).  On July 28, 2008, Defendants removed the action to federal court.  On January 26 and 27, 2010, Judge Keyes, in telephone conferences with counsel, was informed that a settlement agreement had been reached and a stipulation of dismissal would be forthcoming.  R& R at 2.  On January 27, 2010, this Court was advised of the settlement and cancelled the jury for the trial of this case set to commence the following Monday, February 1, 2010 [Docket No. 24].

On March 3, 2010, based on the parties' failure to file a stipulation of dismissal, Judge Keyes issued an Order to Show Cause [Docket No. 42] why the case should not be dismissed. Id.  On March 18, 2010, Plaintiff's counsel sent Judge Keyes an email confirming that a settlement agreement had been signed by all parties, but that Plaintiff had not received payment. Id.  On March 26, 2010, Judge Keyes issued a second Order to Show Cause [Docket No. 44], ordering the parties to appear before him on April 14, 2010 to show cause why judgment should not be entered against Defendants enforcing the settlement agreement and awarding Plaintiff's attorney's fees.  Id.

At the hearing, both parties stated that a valid, enforceable settlement agreement had

been signed by the parties and submitted a copy of the agreement for Judge Keyes's review. Id. at 3. Defendants' counsel stated that partial payment of the settlement amount had been made, but because of The University Club of St. Paul's financial difficulties, the settlement amount had not been paid in full. Id. Plaintiff requested that Judgment be entered and that he be awarded his attorney fees. Id.

At issue now is Judge Keyes's recommendation that judgment be entered in the amount of $28,421.00 against The University Club of St. Paul and the action be dismissed. Id. Defendants object to Judge Keyes's R&R.

### III. DISCUSSION

Defendants do not dispute that "the matter was settled sometime in February or March 2010 pursuant to a written settlement agreement." Objections at 1. Defendants argue that because the settlement agreement does not expressly reserve jurisdiction in this Court to enforce it, the Court lacks jurisdiction to enforce the agreement. Objections at 1-2.

A district court possesses the inherent power to enforce an agreement to settle a case pending on the court's docket. Butler v. LeeAnn Chin's Cuisine, Civil No. 07-cv-3317, 2008 WL 819767, at *2 (D. Minn. March 25, 2008) (quoting Luigino's Inc. v. Societes des Produits Nestle S.A., No. Civ. 03-4186, 2005 WL 735919, at *1 (D. Minn. March 30, 2005)); see also Barry v. Barry, 172 F.3d 1011, 1013 (8th Cir. 1999). "The power of a trial court to enter a judgment enforcing a settlement agreement has its basis in the policy favoring the settlement of disputes and the avoidance of costly and time-consuming litigation." Butler, 2008 WL 819767, at *2 (quoting Bergstrom v. Sears, Roebuck & Co., 532 F.Supp. 923, 934 (D. Minn. 1982)).

In support of their argument, Defendants rely on Kokkonen v. Guardian Life Insurance

3

Co. of America, 511 U.S. 375 (1994).  Kokkonen, however, does not apply to the facts of this case.  There, the action had already been properly dismissed on the parties' stipulation of dismissal.  The Court held that *post-dismissal* jurisdiction existed only where the settlement agreement terms were made part of the dismissal order or the dismissal order retained jurisdiction over the agreement.  Id. at 378.  These concerns are not present here because the stipulation of dismissal which counsel stated would be forthcoming has not been executed.  Because no order of dismissal or stipulation of dismissal[1] was filed, no final judgment has been entered in this case.  The Court's docket reflects no entry of judgment.  Absent a final judgment, this Court has jurisdiction over the case and is empowered to enforce the settlement agreement between the parties.

    Defendants next argue that an award of fees is inappropriate because the parties' settlement agreement did not contemplate such an award.  Objections at 3.  In March 2010, based on the parties' failure to file a stipulation of dismissal, Judge Keyes contacted counsel to inquire about the status of the case.  Judge Keyes sua sponte ordered Defendants to show cause as to why they should not have to pay Plaintiff's attorney's fees and costs.  At the April 14 tape-recorded hearing, Defendants did not dispute the authority to award attorney's fees and costs. [Docket No. 45].  Judge Keyes provided Plaintiff's counsel time to submit an affidavit regarding the fees and gave Defendants' counsel time to object to the fee petition.  No such objection was filed; therefore, Judge Keyes determined that Defendants had no legal basis to object to Plaintiff's fee petition.

---

[1] "[T]he plaintiff may dismiss an action without a court order by filing . . . (ii) a stipulation of dismissal signed by all parties who have appeared."  Fed. R. Civ. P. 41(a)(1).

A court has the inherent authority to impose costs and fees for certain conduct. <u>Chambers v. NASCO, Inc</u>., 501 U.S. 32, 44-45 (1991). "[A]n assessment of attorney's fees is undoubtedly within a court's inherent power . . ." <u>Id.</u> at 45. Taking into account (1) Defendants' failure to comply with the terms of the settlement agreement and (2) Defendants' counsels' failure to object to the award of reasonable attorney fees at the April 14 hearing and after Judge Keyes provided Defendants a reasonable time to object to Plaintiff's fee petition, Judge Keyes appropriately recommended the imposition of attorney's fees in the amount of $3,421.00.

Plaintiff's counsel argues that Defendants' Objections made new and contradictory arguments and, as a result, he is entitled to additional attorney's fees for his work in responding to the matter. Defendants' Objections were limited to three pages. The response submitted by Plaintiff's counsel was eight pages with minimal citations to legal authorities. Furthermore, Plaintiff's counsel did not include any documentation of his fees and costs incurred in responding to Defendants' Objections. For these reasons, the Court in its discretion declines to award the additional fees requested by Plaintiff's counsel.

Plaintiff also moves for a Rule 26 protective order so that the settlement agreement may be filed under seal or in camera. At this stage, the Court can discern no need for a protective order bearing on the disposition of Defendants' Objections. Accordingly, Plaintiff's motion for a Rule 26 protective order is declined.

Finally, Plaintiff requests that Judge Keyes's dismissal be adopted but that this Court retain jurisdiction to enforce the settlement agreement. Because a district court retains jurisdiction to enforce a settlement agreement only if "the dismissal order states that the district court is retaining jurisdiction over the agreement or the court incorporates the terms of the

agreement into an order[,]" this Order retains jurisdiction over the agreement.  <u>Jenkins v. Kansas City Missouri Sch. Dist.</u>, 516 F.3d 1074, 1081 (8th Cir. 2008) (citing <u>Kokkonen</u>, 511 U.S. at 381).

### IV. ORDER

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Objections [Docket No. 50] are **OVERRULED**;

2. The R&R is [Docket No. 48] is **ADOPTED;**

3. Plaintiff's request for entry of Judgment is **GRANTED**;

4. Judgment in the amount of $28,421.00 is entered against Defendant The University Club of St. Paul in favor of Plaintiff;

5. The case is **DISMISSED** and the Court reserves jurisdiction to seek enforcement of the settlement agreement between the parties.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

　　　s/Ann D. Montgomery　　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  June 28, 2010.